**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STEVEN GILERMAN,

    Plaintiff,

v.                                                                             Case No:

T-MOBILE USA, INC.; AMSHER
COLLECTION SERVICES, INC.;
and MAURY COBB, ATTORNEY                     **DEMAND FOR JURY TRIAL**
AT LAW, LLC;

    Defendant.
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **STEVEN GILERMAN** ("Mr. Gilerman" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **T-MOBILE USA, INC.** ("Debt Owner"); **AMSHER COLLECTION SERVICES, INC.** ("Debt Collector 1"); and **MAURY COBB, ATTORNEY AT LAW, LLC** ("Debt Collector 2") (collectively "Defendants"); and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to enforce a debt when Defendants knew that the underlying account on which the debt was incurred was

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **1** of **17**

opened without Mr. Gilerman's knowledge or permission, so the debt was illegitimate and uncollectible.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5. Plaintiff, Mr. Gilerman, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Mr. Gilerman is also an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

7. At all times material hereto, Debt Owner was and is a corporation with its principle place of business in the State of WA and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee FL 32301.

8. At all times material hereto, Debt Collector 1 was and is a foreign profit corporation with its principle place of business in the State of AL and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee FL 32301.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **2** of **17**

9. At all times material hereto, Debt Collector 2 was and is a limited liability company with its principle place of business in the State of AL and its registered agent, C T CORPORATION SERVICE COMPANY, located at 1200 South Pine Island Road, Plantation, FL 33324.

10. At all times material hereto, Debt Collector 1 and Debt Collector 2 (collectively "Debt Collectors") were performing debt collection owed to Debt Owner to satisfy Mr. Gilerman's alleged debt.

11. At all times material hereto, Debt Collectors were acting within the scope of employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Gilerman's alleged debt for Debt Owner.

12. As such, Debt Owner is responsible for the conduct of Debt Collectors as its employees, representatives, or agents.

13. Under information and belief, Debt Owner granted Debt Collectors access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Gilerman's information.

14. Under information and belief, Debt Owner allowed Debt Collectors to enter Mr. Gilerman's information into Debt Owner's sales or customer systems.

15. Under information and belief, Debt Owner gave Debt Collectors authority to use the principal's trade name, trademark, or service mark.

16. Under information and belief, Debt Owner approved, wrote, or reviewed form letters for Debt Collectors to use when contacting Mr. Gilerman.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **3** of **17**

17. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collectors' actions in attempting to collect Mr. Gilerman's debt on behalf of Debt Owner.

18. Alternatively, at all times material hereto, Debt Collectors and Debt Owner have entered into a contract that establishes an agency relationship between the Defendants.

*** Statements of Fact ***

19. In August of 2017, Mr. Gilerman opened an account with Debt Owner for personal cellular telephone service ("Account").

20. Mr. Gilerman opened the Account with Debt Owner to include one single account with two cellular telephone lines.

21. Despite Mr. Gilerman's clear instruction to open one account with two telephone lines, Debt Owner opened two separate accounts under Mr. Gilerman's name – the Account with two lines as agreed, and a second account ("Second Account").

22. Mr. Gilerman never authorized Debt Owner to open the Second Account in his name.

23. In fact, Mr. Gilerman only discovered that the Second Account existed when he started receiving collection calls and collection letters from various debt collectors regarding the second account.

24. Specifically on November 29, 2017, Mr. Gilerman received a letter from Debt Collector 1 regarding the Second Account ("Collection Letter 1").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **4** of **17**

17. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collectors' actions in attempting to collect Mr. Gilerman's debt on behalf of Debt Owner.

18. Alternatively, at all times material hereto, Debt Collectors and Debt Owner have entered into a contract that establishes an agency relationship between the Defendants.

*** Statements of Fact ***

19. In August of 2017, Mr. Gilerman opened an account with Debt Owner for personal cellular telephone service ("Account").

20. Mr. Gilerman opened the Account with Debt Owner to include one single account with two cellular telephone lines.

21. Despite Mr. Gilerman's clear instruction to open one account with two telephone lines, Debt Owner opened two separate accounts under Mr. Gilerman's name – the Account with two lines as agreed, and a second account ("Second Account").

22. Mr. Gilerman never authorized Debt Owner to open the Second Account in his name.

23. In fact, Mr. Gilerman only discovered that the Second Account existed when he started receiving collection calls and collection letters from various debt collectors regarding the second account.

24. Specifically on November 29, 2017, Mr. Gilerman received a letter from Debt Collector 1 regarding the Second Account ("Collection Letter 1").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **4** of **17**

25. Collection Letter 1 was specifically addressed to Mr. Gilerman, listed the Second Account number ending in 8430, a Total Due $698.99 ("Debt"), and payment options. *See* **Exhibit A.**

26. In response to Collection Letter 1, Mr. Gilerman immediately contacted Debt Owner and explained that he did not authorize the Second Account, that he does not owe the Debt, and demanded Debt Owner correct its error and delete the second account.

27. Debt Owner acknowledged its mistake and promised to close the Second Account and gave Mr. Gilerman a $100 credit on his Account for the hassle.

28. Despite Debt Owner's promise, the Second Account remained open.

29. On January 5, 2018, Debt Collector 2 sent Mr. Gilerman a collection letter in attempts to collect the Debt ("Collection Letter 2").

30. Collection Letter 2 was individually addressed to Mr. Gilerman, listed the Second Account number, a Total Due as $698.99, and payment options. *See* **Exhibit B.**

31. Debt Collector 2 also placed several calls to Mr. Gilerman's cellular telephone in connection with the collection of the Debt.

32. Mr. Gilerman answered several of Debt Collector 2's calls and informed Debt Collector 2 that he does not owe the Debt because the Second Account was created without his authorization.

33. On January 11, 2018, Mr. Gilerman contacted Debt Collector 2 and spoke to a supervisor and confirmed that he did not owe the Debt and demanded that Debt Collector 2's calls cease.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **5** of **17**

34. On January 22, 2018, Debt Collector 1 sent Mr. Gilerman another collection letter in attempts to collect the Debt ("Collection Letter 3").

35. Collection Letter 3 was individually addressed to Mr. Gilerman, listed the Second Account number, a Total Due of $698.88, and payment options. *See* **Exhibit C.**

36. Debt Owner has assigned the Second Account to both Debt Collector 1 and Debt Collector 2 for collection purposes.

37. Under information and belief, the Second Account remains open to date despite Mr. Gilerman's repeated demanded that it be closed.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")* ###
### *(as against Debt Collector 1)* ###

38. Mr. Gilerman re-alleges paragraphs 1-37 and incorporates the same herein by reference.

39. Mr. Gilerman is a "consumer" within the meaning of the FDCPA.

40. The subject debt is a "consumer debt" within the meaning of the FDCPA.

41. Debt Collector 1 is a "debt collector" within the meaning of the FDCPA.

42. Debt Collector 1 violated the FDCPA. Debt Collector 1's violations include, but are not limited to, the following:

    a. Debt Collector 1 specifically violated 15 U.S.C. § 1692f (1) by attempting to collect a debt that was not expressly authorized by Mr. Gilerman.

    b. Debt Collector 1 generally violated 15 U.S.C. § 1692d by attempting to collect an illegitimate debt, the natural consequence of which was to harass, oppress, and abuse Mr. Gilerman.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **6** of **17**

    c. Debt Collector 1 generally violated 15 U.S.C. § 1692e by falsely and deceptively stating that Mr. Gilerman owed a debt to Debt Owner, which they knew Mr. Gilerman did not owe.

    d. Debt Collector 1 specifically violated 15 U.S.C. § 1692e (2) by falsely representing that Mr. Gilerman owed a debt to Debt Owner, which they knew Mr. Gilerman did not owe.

43. As a result of the above violations of the FDCPA, Mr. Gilerman has been subjected to illegal collection activities for which he has been damaged.

44. Debt Collector 1's actions have damaged Mr. Gilerman by invading his privacy.

45. Debt Collector 1's actions have damaged Mr. Gilerman by causing him emotional distress.

46. Debt Collector 1's actions have damaged Mr. Gilerman by causing him loss of sleep.

47. Debt Collector 1's actions have damaged Mr. Gilerman by causing him embarrassment.

48. Debt Collector 1's actions have damaged Mr. Gilerman by causing him stress.

49. Debt Collector 1's actions have damaged Mr. Gilerman by causing him aggravation.

50. Debt Collector 1's actions have damaged Mr. Gilerman by harming his reputation.

51. It has been necessary for Mr. Gilerman to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

52. All conditions precedent to this action have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector 1 as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **7** of **17**

a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees; and

d. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(as against Debt Collector 1)*

53. Mr. Gilerman re-alleges paragraphs 1-37 and incorporates the same herein by reference.

54. Debt Collector 1 violated the FCCPA. Debt Collector 1's violation includes, but is not limited to, the following:

   a. Debt Collector 1 violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass Mr. Gilerman by persistently attempting to collect the Debt that Mr. Gilerman never agreed to nor owes.

   b. Debt Collector 1 violated Fla. Stat. § 559.72(9) by attempting to enforce a debt from Mr. Gilerman that Debt Collector 1 knew was not legitimate because Mr. Gilerman repeatedly informed Debt Collector 1 that he did not owe the Debt.

55. As a result of the above violation of the FCCPA, Mr. Gilerman has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

56. Debt Collector 1's actions have damaged Mr. Gilerman by invading his privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **8** of **17**

57. Debt Collector 1's actions have damaged Mr. Gilerman by causing him emotional distress.

58. Debt Collector 1's actions have damaged Mr. Gilerman by causing him loss of sleep.

59. Debt Collector 1's actions have damaged Mr. Gilerman by causing him embarrassment.

60. Debt Collector 1's actions have damaged Mr. Gilerman by causing him stress.

61. Debt Collector 1's actions have damaged Mr. Gilerman by causing him aggravation.

62. Debt Collector 1's actions have damaged Mr. Gilerman by harming his reputation.

63. It has been necessary for Mr. Gilerman to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

64. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector 1 as follows:

  a. Awarding statutory damages as provided by §559.77, Fla. Stat.;
  b. Awarding actual damages;
  c. Awarding punitive damages;
  d. Awarding costs and attorneys' fees;
  e. Ordering an injunction preventing further wrongful contact by the Defendants; and
  f. Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **9** of **17**

### *Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector 2)*

65. Mr. Gilerman re-alleges paragraphs 1-37 and incorporates the same herein by reference.

66. Mr. Gilerman is a "consumer" within the meaning of the FDCPA.

67. The subject debt is a "consumer debt" within the meaning of the FDCPA.

68. Debt Collector 2 is a "debt collector" within the meaning of the FDCPA.

69. Debt Collector 2 violated the FDCPA. Debt Collector 2's violations include, but are not limited to, the following:

    a. Debt Collector 2 specifically violated 15 U.S.C. § 1692f (1) by attempting to collect a debt that was not expressly authorized by Mr. Gilerman.

    b. Debt Collector 2 generally violated 15 U.S.C. § 1692d by attempting to collect an illegitimate debt, the natural consequence of which was to harass, oppress, and abuse Mr. Gilerman.

    c. Debt Collector 2 generally violated 15 U.S.C. § 1692e by falsely and deceptively stating that Mr. Gilerman owed a debt to Debt Owner, which they knew Mr. Gilerman did not owe.

    d. Debt Collector 2 specifically violated 15 U.S.C. § 1692e (2) by falsely representing that Mr. Gilerman owed a debt to Debt Owner, which they knew Mr. Gilerman did not owe.

70. As a result of the above violations of the FDCPA, Mr. Gilerman has been subjected to illegal collection activities for which he has been damaged.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **10** of **17**

71. Debt Collector 2's actions have damaged Mr. Gilerman by invading his privacy.

72. Debt Collector 2's actions have damaged Mr. Gilerman by causing him emotional distress.

73. Debt Collector 2's actions have damaged Mr. Gilerman by causing him loss of sleep.

74. Debt Collector 2's actions have damaged Mr. Gilerman by causing him embarrassment.

75. Debt Collector 2's actions have damaged Mr. Gilerman by causing him stress.

76. Debt Collector 2's actions have damaged Mr. Gilerman by causing him aggravation.

77. Debt Collector 2's actions have damaged Mr. Gilerman by harming his reputation.

78. It has been necessary for Mr. Gilerman to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

79. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector 2 as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **11** of **17**

### *Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(as against Debt Collector 2)*

80. Mr. Gilerman re-alleges paragraphs 1-37 and incorporates the same herein by reference.

81. Debt Collector 2 violated the FCCPA. Debt Collector 2's violations include, but are not limited to, the following:

    a. Debt Collector 2 violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass Mr. Gilerman by persistently attempting to collect the Debt that Mr. Gilerman never agreed to nor owes, despite Mr. Gilerman repeatedly informing Debt Collector 2 of this fact.

    b. Debt Collector 2 violated Fla. Stat. § 559.72(9) by attempting to enforce a debt from Mr. Gilerman that Debt Collector 2 knew was not legitimate because Mr. Gilerman repeatedly informed Debt Collector 2 that he did not owe the Debt.

82. As a result of the above violations of the FCCPA, Mr. Gilerman has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

83. Debt Collector 2's actions have damaged Mr. Gilerman by invading his privacy.

84. Debt Collector 2's actions have damaged Mr. Gilerman by causing him emotional distress.

85. Debt Collector 2's actions have damaged Mr. Gilerman by causing him loss of sleep.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **12** of **17**

86. Debt Collector 2's actions have damaged Mr. Gilerman by causing him embarrassment.

87. Debt Collector 2's actions have damaged Mr. Gilerman by causing him stress.

88. Debt Collector 2's actions have damaged Mr. Gilerman by causing him aggravation.

89. Debt Collector 2's actions have damaged Mr. Gilerman by harming his reputation.

90. It has been necessary for Mr. Gilerman to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

91. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector 2 as follows:

   a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendants; and

   f. Any other and further relief as this Court deems equitable.

### *Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(as against Debt Owner)*

92. Mr. Gilerman re-alleges paragraphs 1-37 and incorporates the same herein by reference.

93. Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **13** of **17**

    a. Debt Owner violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass Mr. Gilerman by persistently attempting to enforce the Debt that Mr. Gilerman never agreed to nor owes, and despite Debt Owner's promise to close the Second Account.

    b. Debt Owner violated Fla. Stat. § 559.72 (9) by attempting to enforce a debt from Mr. Gilerman by assigning two debt collectors to attempt to collect on the Second Account, which account was never authorized in the first place.

    c. Debt Owner also violated Fla. Stat. § 559.72(9) by attempting to enforce a debt from Mr. Gilerman that Debt Owner knew was not legitimate because Mr. Gilerman repeatedly informed Debt Owner that he did not agree to nor authorize the Second Account, a fact that Debt Owner acknowledged when it promised to close the Second Account.

94. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector 1 and Debt Collector 2.

95. Debt Collector 1 violated the FCCPA. Debt Collector 1's violations include, but are not limited to, the following:

    a. Debt Collector 1 violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **14** of **17**

   Mr. Gilerman by persistently attempting to collect the Debt that Mr. Gilerman never agreed to nor owes.

  b. Debt Collector 1 violated Fla. Stat. § 559.72(9) by attempting to enforce a debt from Mr. Gilerman that Debt Collector 1 knew was not legitimate because Mr. Gilerman repeatedly informed Debt Collector 1 that he did not owe the Debt.

96. Debt Collector 2 violated the FCCPA. Debt Collector 2's violations include, but are not limited to, the following:

  a. Debt Collector 2 violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass Mr. Gilerman by persistently attempting to collect the Debt that Mr. Gilerman never agreed to nor owes, despite Mr. Gilerman repeatedly informing Debt Collector 2 of this fact.

  b. Debt Collector 2 violated Fla. Stat. § 559.72(9) by attempting to enforce a debt from Mr. Gilerman that Debt Collector knew was not legitimate because Mr. Gilerman repeatedly informed Debt Collector 2 that he did not agree to nor authorize the Second Account.

97. As a result of the above violations of the FCCPA, Mr. Gilerman has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

98. Defendants' actions have damaged Mr. Gilerman by invading his privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **15** of **17**

99. Defendants' actions have damaged Mr. Gilerman by causing him emotional distress.

100. Defendants' actions have damaged Mr. Gilerman by causing him loss of sleep.

101. Defendants' actions have damaged Mr. Gilerman by causing him embarrassment.

102. Defendants' actions have damaged Mr. Gilerman by causing him stress.

103. Defendants' actions have damaged Mr. Gilerman by causing him aggravation.

104. Defendants' actions have damaged Mr. Gilerman by harming his reputation.

105. It has been necessary for Mr. Gilerman to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

106. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendants; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **STEVEN GILERMAN**, demands a trial by jury on all issues so triable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **16** of **17**

Respectfully submitted this **March 26, 2018**,

                        */s/ Michael A. Ziegler*
                        Michael A. Ziegler, Esq.
                        Florida Bar No. 74864
                        mike@zieglerlawoffice.com

                        Kaelyn Steinkraus, Esq.
                        Florida Bar No. 125132
                        kaelyn@zieglerlawoffice.com

                        Law Office of Michael A. Ziegler, P.L.
                        13575 58th Street North, Suite 129
                        Clearwater, FL 33760
                        (p)  (727) 538-4188
                        (f)  (727) 362-4778
                        Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Gilerman v. T-Mobile USA, Inc., Amsher Collection Services, Inc. and Maury Cobb, Attorney at Law, LLC*
Page **17** of **17**